DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Lorraine E. Jindra, appeals from the judgment of the Medina County Court of Common Pleas, Domestic Relations Division, which denied her motion to modify child support. This Court affirms.
 I. {¶ 2} Appellant and Appellee, George Jindra, were married in 1990. In February 2002, Appellant first raised the issue of divorce. On May 22, 2002, the parties entered into a Separation Agreement and Shared Parenting Plan. The child support guideline worksheet calculated Appellee's child support obligation at $1,129.28 per month to support the couple's four children. However, the parties agreed that Appellee would only pay $800.00 per month in support, representing a 29% downward deviation from the guidelines. This downward deviation was agreed upon so that Appellee could maintain the marital residence. In accord with maintaining the marital residence, Appellee was also named the residential parent for school purposes, allowing the children to live with their mother but maintain their school district.
 {¶ 3} On March 13, 2003, Appellant filed a motion to modify Appellee's child support obligation claiming that a change of greater than 10% had occurred. The Magistrate granted Appellant's motion to modify support on August 18, 2003. However, on January 20, 2004, the trial court sustained Appellee's objections to the Magistrate's decision and denied Appellant's motion to modify. Appellant timely appealed, raising two assignments of error.
 II. ASSIGNMENT OF ERROR I
"The trial court's decision to deny appellant's motion to modify child support was against the manifest weight of the evidence and was an abuse of discretion."
 ASSIGNMENT OF ERROR II
"The trial court erred by failing to strictly comply with §3119.22 of the Ohio Revised Code[.]"
 {¶ 4} In both her assignments of error, Appellant contends that trial court erred when it denied her motion to modify child support. This Court disagrees.
 {¶ 5} This Court will not disturb the trial court's determination regarding child support absent an abuse of discretion. Booth v. Booth (1989), 44 Ohio St.3d 142, 144. Abuse of discretion connotes more than simply an error in judgment; the court must act in an unreasonable, arbitrary, or unconscionable manner. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 6} Initially, this Court notes that Appellant asserts that the trial court erred when it failed to comply with the requirements of R.C. 3119.22, R.C. 3119.23, and R.C. 3119.24. These sections deal with the requirements necessary to deviate from the child support worksheet and the effect of changes in a shared parenting plan. As the trial court did not enter a support order in this matter, Appellant's assertions that the trial court failed to strictly comply with R.C. 3119.22 are without merit. While the original separation agreement may not have contained the appropriate language, no appeal was taken from that July 23, 2002 judgment.
 {¶ 7} However, R.C. 3119.79 does not require a modification of child support if the trial court determines through recalculating support that the current support amount calculated is less than ten percent different than the current support order. In the instant matter, the trial court found that Appellant had only demonstrated a change of six percent. In reviewing the record, we cannot say that the trial court abused its discretion in making its determination.
 {¶ 8} In response to Appellant's motion to modify, a new child support worksheet was utilized and placed Appellee's support obligation at $1,196.16. The Magistrate found that this support obligation was more than a ten percent change from the existing $800.00 obligation. However, the trial court found that the Magistrate failed to account for the parties' agreed upon downward deviation. This Court agrees with the trial court's computation.
 {¶ 9} Absent evidence of a change in the parties' original shared parenting plan, the trial court does not abuse its discretion in utilizing the deviation that the parties agreed upon. Harless v. Harless, 6th Dist. No. L-01-1383, 2002-Ohio-2361, at ¶ 8. In the instant case, the parties agreed upon a 29 percent downward deviation from the child support guidelines. Applying that to the $1,196.16 figure generated from the worksheet, Appellee's obligation would be $849.27.[1]
As such, the trial court was accurate in its statement that Appellant had demonstrated only approximately a six percent change in Appellee's child support obligation. Accordingly, Appellant's assignments of error are overruled.
 III. {¶ 10} Appellant's assignments of error are overruled and the judgment of the Medina County Court of Common Pleas, Domestic Relations Division, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Carr, P.J., Whitmore, J., Concur.
[1] Subtracting 29 percent of $1,196.16 (a total of $346.89) results in the above figure.